**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Kelly B. Larson, ) | Civil Action No. 2:18-2732 -RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.     ) | **ORDER AND OPINION** |
| ) | |
| Trooper J.M. Ross, Commander Colonel ) | |
| C.N. Williamson, Directory Leroy Smith, ) | |
| The South Carolina Highway Patrol, and ) | |
| South Carolina Department of Public Safety, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the motion to dismiss or for summary judgment brought by Defendants Ross, Williamson and Smith be granted in part and denied in part. (Dkt. No. 82.)  For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants in part and denies in part the motion.

**I.     Background**

Kelly Larson alleges that Defendants violated her constitutional rights when Defendant Ross forced her to undergo a nine-step field sobriety test during a traffic stop, followed by a vehicle search and urinalysis test at a hospital, after that she repeatedly advised him that she was physically disabled and therefore could not successfully undertake the field test.  Larson was arrested and charged with driving-under-the-influence, which was later dropped.

Larson brings nine causes of action: (1) As to Ross, Williamson, Smith (in each's individual and official capacity), South Carolina Highway Patrol ("SCHP") and South Carolina Department of Public Safety ("SCPDS"): false arrest/false imprisonment. (2) As to Ross, Williamson, Smith (in each's individual and official capacity), SCHP and SCPDS: malicious prosecution.  (3) As to Ross, Williamson, Smith (in each's individual and official capacity), SCHP

-1-

and SCPDS: unconstitutional seizure in violation of 42 U.S.C. § 1983. (4) As to Ross, Williamson, Smith (in each's individual and official capacity), SCHP and SCPDS: defamation. (5) As to Ross (in an unspecified capacity): reckless endangerment, failure to protect and deliberate indifference in violation of § 1983. (6) As to Williamson, Smith (in each's official capacity), SCHP and SCDPS: reckless endangerment, failure to protect and deliberate indifference in violation of § 1983. (7) As to Williamson and Smith (in each's official capacity), SCHP and SCDPS: negligent hiring, training and supervision in violation of § 1983. (8) As to Williamson and Smith (in each's official capacity), SCHP and SCDPS: supervisory liability in violation of § 1983. (9) As to Ross: negligence/gross negligence/malice/intent. (Dkt. No. 43.)

Some Defendants move to dismiss or, in the alternative, for summary judgment on some of the claims.[1] (Dkt. No. 70.) The motion to dismiss is made on behalf of Defendants Williamson and Smith. The motion for summary judgment is made on behalf of Defendant Ross, although it also argues for summary judgment on the failure to protect and deliberate indifference claims, which were brought against Ross, Williamson and Smith. No argument is made as to Defendants SCHP and SCDPS.

The Magistrate Judge's recommendations are as follows: Grant the motion to dismiss, to dismiss all claims against Williamson and Smith (the first, second, third, fourth, sixth, seventh and eighth causes of action). Grant in part the motion for summary judgment, to dismiss the second and fifth causes of action as to Ross. Deny in part the motion for summary judgment, to retain the first and third causes of action as to Ross. Retain all claims against SCHP and SCDPS, and retain

---

[1] The appended exhibits are a dashcam video, breathalyzer results, an excerpt of Plaintiff's deposition, and the urinalysis test.

the first, third, fourth and ninth causes of action against Ross. (Dkt. No. 82.) Larson objects to the recommendations. (Dkt. No. 83.)

## II.     Legal Standard

### A.     Review of the R & R

The Magistrate Judge makes only a recommendation to the Court that has no presumptive weight and, therefore, the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

### B.     Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be

proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

C. **Motion for Summary Judgment**

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and it is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312

F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.   Discussion

### A.   Motion to Dismiss by Defendants Williamson and Smith

Defendants argue to dismiss all claims against Williamson and Smith on the basis that the second amended complaint alerts mere conclusions. The sixth, seventh and eighth causes of action are brought against them in their official capacities. "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). These claims are therefore subject to dismissal.

The third and fourth causes of action are brought against them in official and individual capacities. As to their official capacities, these claims are likewise dismissed. As to their individual capacities, the second amended complaint alleges *inter alia* as to Williamson and Smith that they "have ultimate responsibility for the actions of Defendant Ross undertaken in her official capacity or under color thereof"; "it is at the direction and under the supervision of Defendants Williamson and Smith that Defendants [SCHP and SCDPS] pressure Highway Patrol troopers to make DUI arrests"; "Williamson and/or Smith and [SCHP and SCDPS] knew or should have known of Defendant Ross' pattern, practice, or policy described [of arresting motorists for alleged DUI and falsely maintaining the motorist had glazed eyes and/or an odor of alcohol and/or was stumbling]"; "Williamson, Smith, [SCHP and SCDPS] failed to institute measures to identify and correct troopers who were making unconstitutional DUI arrests"; and "had Williamson, Smith, [SCHP and/or SCDPS] instituted measures to do so, the arrest of Plaintiff by Defendant Ross would not have occurred"; and they "promulgated, created, or implemented or possessed responsibility for the continued operation of the policy[ies] or procedure[s] described above." (Dkt. No. 43 ¶¶ 7, 53, 78-80, 89.) The Magistrate Judge concludes that these and similar allegations fail to state a claim

on which relief can be granted, including because among the conclusory allegations there are no factual allegations that Williamson and Smith had knowledge of Ross's conduct such that they could be supervisory liable for him. Having reviewed the pleading, the Court agrees and adopts the Magistrate Judge's recommendation to dismiss all claims against Williamson and Smith.

**B.     Motion for Summary Judgment by Defendant Ross**

The Ross argues for summary judgment on the first, second, third and fifth causes of action.²

**1.     First and Third Causes of Action**

The crux of the first cause of action for false arrest/imprisonment and the third cause of action for unconstitutional seizure in violation of the Fourth Amendment is whether Ross had probable cause to arrest Larson for driving while intoxicated. *See Brown v. Gilmore*, 278 F.3d 362, 367-68 (4th Cir. 2002). "'Probable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998).

As the Magistrate Judge details, the dashcam video contradicts Ross's contention that Larson had slurred speech as well as whether alcohol could be smelled from the vehicle, by virtue of the video showing a second Trooper informing Ross that only water bottles were in the vehicle and telling Ross she did not smell alcohol. There is also a dispute of material fact on this record regarding whether Larson's difficulty passing the field test was a result of intoxication or her physical disability impairing balance and movement. The Court, therefore, adopts the recommendation to deny summary judgment on the first and third causes of action.

---

² There is no mention of the fourth or ninth causes of action in Ross's motion.

### 2. Second Cause of Action

Last, Ross moves for summary judgment on the second cause of action, for malicious prosecution of the DUI charge, on the basis of prosecutorial immunity. Larson alleges that Ross "caused legal proceedings against Plaintiff for the alleged DUI offense to be instituted . . . with malice . . ." (Dkt. No. 43 ¶¶ 100, 103.) Prosecutors in the employ of the state of South Carolina, such as law enforcement officers prosecuting their own cases as the arresting officer, are immune for actions "relating to the prosecution of an individual as a criminal defendant—regardless of the prosecutor's motivation—provided the actions complained of were committed while the prosecutor was acting as an 'advocate.'" *Imbler Williams v. Condon*, 553 S.E.2d 496, 509 (S.C. Ct. App. 2001). The Magistrate Judge, therefore, recommends granting summary judgment on this claim as to Ross, which the Court adopts.

### 3. Fifth Cause of Action

Ross next moves for summary judgment on the fifth cause of action for reckless endangerment/failure to protect/deliberate indifference, in support of which Larson alleges that Ross knowingly and intentionally endangered her life and safety by typing on the patrol car's laptop while driving her to the Dorchester County Jail. (Dkt. No. 43 ¶ 137.) As a pre-trial arrestee, Larson was protected by the Fourteenth Amendment from egregious, arbitrary governmental conduct that "shocks the conscious." *Young v. City of Mount Ranier*, 238 F.3d 567, 574 (4th Cir. 2001). Larson contends there is no dispute of material fact on this claim because Ross testified that it would be "stupid" to type while driving and because Director Smith testified that such behavior is "very dangerous." The Magistrate Judge rejects this argument, instead finding that Ross's conduct may be merely negligent. "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302

(4th Cir. 2004). The Court adopts that recommendation to grant summary judgment and dismiss the fifth cause of action as to Ross.

IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 82) as the order of the Court. Defendants' motion to dismiss or for summary judgment (Dkt. No. 70) is **GRANTED IN PART and DENIED IN PART**. The motion is **granted in part** to dismiss all claims against Defendants Williamson and Smith under Rule 12(b)(6). The motion is also **granted in part** to dismiss the second and fifth causes of action as to Defendant Ross under Rule 56. The motion is **denied in part** to retain the first and third causes of action against Defendant Ross under Rule 56. Because the motion does not argue to dismiss claims against Defendants South Carolina Highway Patrol and Defendant South Carolina Department of Public Safety, nor to dismiss the fourth and ninth causes of action against Defendant Ross, those claims are retained.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 10, 2020
Charleston, South Carolina